UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

W-CLASS YACHT COMPANY, LLC and      :
W-US-1, LLC,                        :
     Plaintiffs              :
                                    :
     vs.                     :     C.A. No.:  1:16-cv-404
                                      :
FSS, INC., d/b/a FRONT STREET SHIPYARD,  :
     Defendant               :

## COMPLAINT

## JURISDICTION

1.     Jurisdiction of this Court is based upon 28U.S.C. § 1333, as amended. This is a case of admiralty and maritime jurisdiction as hereinafter more formerly appears, and is within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  To the extent that complete diversity citizenship exists between Plaintiffs and Defendant, this Court also has jurisdiction pursuant to 28U.S.C. §1332.

## PARTIES

2.     Plaintiff W-Class Yacht Company, LLC is a Delaware limited liability company with a place of business at 1 Washington Street, Newport, RI 02840.  At all times material hereto, said Plaintiff W-Class Yacht Company, LLC was, and now is, owner of the motor vessel *Mare,* Official No. 250428 (hereinafter, the "*M/V Mare*").

3.     Plaintiff W-US-1, LLC is a Rhode Island limited liability company with a place of business at 1 Washington Street, Newport, RI 02840, and is a wholly owned subsidiary of Plaintiff W-Class Yacht Company, LLC.  At all times material hereto, the Plaintiff W-US-1, LLC was, and now is, owner of the sailing vessel *Wild Horses,* Official No. 1064210 (hereinafter, the "*S/V Wild Horses*").

4.      Upon information and belief, Defendant FSS, Inc., d/b/a Front Street Shipyard (hereinafter "Defendant") is a Maine Corporation with a principal place of business at 101 Front Street, Belfast, Maine 04915 where it operates a commercial shipyard.  Defendant has sufficient contacts with the State of Rhode Island to render its subject to the jurisdiction of this Court, pursuant to R.I.G.L. §9-5-33.

<u>COUNT I</u>
(Breach of Contract re: M/V *Mare*)

5.      Plaintiffs restate the allegations of paragraphs 1 through 4, inclusive, as if fully set forth herein.

6.      In or about November, 2012, Defendant entered into a contract with Plaintiff W-Class Yacht Company, LLC, by which Defendant was to perform certain repairs and renovations to the M/V *Mare.* Said work included, *inter alia*, replacing the steel plates on the bottom of the vessel, repainting the vessel and the installing a "Seakeeper" gyro stabilizer system.

7.      Defendant breached said contract by failing to complete the work on the M/V *Mare* in a proper and workmanlike manner, including without limitation, failing to properly prepare the steel bottom of the vessel for painting and failing to properly wire and install the "Seakeeper" system.

8.      As a direct and proximate result of Defendant's breach as aforesaid, Plaintiff W-Class Yacht Company, LLC has incurred damages, including but not limited to the cost to repaint the vessel and rewire the "Seakeeper" system.

WHEREFORE, Plaintiff W-Class Yacht Company, LLC demands judgment against Defendant in an amount according to proof, together with Plaintiff's costs and attorney's fees incurred herein.

## COUNT II
### (Breach of Implied Warranty of Workmanlike Performance re: M/V *Mare*)

9.    Plaintiffs restate the allegations of paragraphs 1 through 8, inclusive, as if fully set forth herein.

10.    Defendant agreed to perform its work on the M/V *Mare* in a diligent and workmanlike manner.

11.    Defendant failed to perform said work in a diligent and workmanlike manner by, *inter alia,* failing to properly prepare the steel bottom of the vessel for painting and failing to properly wire and install the "Seakeeper" gyro stabilizer system.

12.    Defendant's actions as aforesaid constitute a breach of the implied warranty of workmanlike performance.

13.    As a direct and proximate result of Defendant's breach of warranty as aforesaid, Plaintiff W-Class Yacht Company, LLC has incurred damages, including but not limited to the cost to repaint and rewire the "Seakeeper" gyro stabilizer system.

WHEREFORE, Plaintiff W-Class Yacht Company, LLC demands judgment against Defendant in an amount according to proof, together with Plaintiff's costs and attorney's fees incurred herein.

## COUNT III
### (Breach of Contract re: S/V *Wild Horses*)

14.    Plaintiffs restate the allegations of paragraphs 1 through 13, inclusive, as if fully set forth herein.

15.    In the fall of 2013, Defendant entered into a contract with Plaintiff W-US-1, LLC, whereby Defendant agreed to preform repairs and renovations to the S/V *Wild Horses*.  Said work included, *inter alia,* repainting the bottom of the vessel, rebuilding its engine, repairing its steering

system, eliminating vibration in the drive train and installing a new generator and refrigeration system.

16.     Defendant breached said contract by failing to complete the work on the S/V *Wild Horses* in a proper and workmanlike manner, including without limitation, failing to properly prepare the surface of the vessel for painting, failing to replace a broken sprocket in the steering system, failing to eliminate vibration in the drive train, improperly wiring the rebuilt engine, improperly wiring the new generator and installing a generator and refrigeration system that did not meet the agreed upon specifications.

17.     As a direct and proximate result of Defendant's breach as aforesaid, Plaintiff W-US-1, LLC has and will incur damages, including but not limited to the cost to repaint the vessel, rewire the vessel, repair the steering system, repair the drive train vibration problem, rewire the rebuilt engine, replace the generator and refrigeration system and a diminution in the value of the vessel.

WHEREFORE, Plaintiff W-US-1, LLC demands judgment against Defendant in an amount according to proof, together with Plaintiff's costs and attorney's fees incurred herein.

<u>COUNT IV</u>
(Breach of Implied Warranty of Workmanlike Performance re: S/V *Wild Horses*)

18.     Plaintiffs restate the allegations of paragraphs 1 through 17, inclusive, as if fully set forth herein.

19.     Defendant agreed to perform its work on the S/V *Wild Horses* in a diligent and workmanlike manner.

20.     Defendant failed to perform said work in a diligent and workmanlike manner by, *inter alia,* failing to properly prepare the surface of the vessel for painting, failing to replace a broken sprocket in the steering system, failing to eliminate vibration in the drive train, improperly

4

wiring the rebuilt engine, improperly wiring the new generator and installing a generator and refrigeration system that did not meet the agreed upon specifications.

21.    Defendant's action as aforesaid constitutes a breach of the implied warranty of workmanlike performance.

22.    As a direct and proximate result of Defendant's breach of warranty as aforesaid, Plaintiff W-US-1, LLC has and will incur damages, including but not limited to the cost to repaint the vessel, rewire the vessel, repair the steering system, repair the drive train vibration problem, rewire the rebuilt engine, replace the generator and refrigeration system and a diminution in the value of the vessel.

WHEREFORE, Plaintiff W-US-1, LLC demands judgment against Defendant in an amount according to proof, together with Plaintiff's costs and attorney's fees incurred herein.

<u>COUNT V</u>
(Breach of Implied Warranty of Fitness for Particular Purpose)

23.    Plaintiffs restate the allegations of paragraphs 1 through 22, inclusive, as if fully set forth herein.

24.    Prior to contracting with Plaintiff W-US-1, LLC for the installation of the new generator and refrigeration system on the S/V *Wild Horses,* Defendant advised Plaintiff that the systems it recommended would require the generator to run only two (2) hours day to maintain proper cooling of the refrigeration system.  At that time, Defendant was aware that Plaintiff was seeking systems that would require a minimum amount of generator time and that Plaintiff was relying on Defendant's expertise, skill and judgment in selecting an appropriate generator and refrigeration system for Plaintiff's intended purpose.

25.     Plaintiff W-US-1, LLC relied upon Defendant's expertise, skill and judgment in having the generator and refrigeration system recommended by Defendant installed in the S/V *Wild Horses*.

26.     In fact, the generator and refrigeration system recommended by and installed by Defendant were not fit for the particular purpose for which they were required and intended. Instead, said systems require approximately ten (10) hours of generator time per day to maintain proper cooling in the refrigeration system.

27.     Defendant's actions as aforesaid constitute a breach of the implied warranty of fitness for a particular purpose.

28.      As a direct and proximate result of Defendant's breach of warranty as aforesaid, Plaintiff W-US-1, LLC has and will incur damages, including without limitation, the cost to replace the generator and/or refrigeration system and a diminution in the value of the vessel.

WHEREFORE, Plaintiff W-US-1, LLC demands judgment against Defendant in an amount according to proof, together with Plaintiff's costs and attorney's fees incurred herein.

<u>COUNT VI</u>
(Misrepresentation)

29.     Plaintiffs restate the allegations of paragraphs 1 through 28, inclusive, as if fully set forth herein.

30.     Defendant intentionally and/or negligently made material misrepresentations to Plaintiff W-US-1, LLC regarding the generator and refrigeration systems which it recommended and installed on the S/V *Wild Horses, to wit,* that said systems would require the generator to run only two (2) hours day to maintain proper cooling of the refrigeration system.

31.     At the time Defendant made said misrepresentations, it knew them to be false, or made said misrepresentations without knowledge as their truth or falsity, and/or made said misrepresentations under circumstances in which it ought to have known of their falsity.

32.     Defendant intended that said misrepresentations would induce Plaintiff W-US-1, LLC to act thereon.

33.     Plaintiff W-US-1, LLC reasonably relied upon Defendant's misrepresentations and was fraudulently induced thereby to install the generator and refrigeration systems recommended by Defendant on the S/V *Wild Horses*.  Plaintiff W-US-1, LLC would not have purchased and installed said systems but for Defendant's misrepresentations.

34.     As a direct and proximate result of Defendant's misrepresentations as aforesaid, Plaintiff W-US-1, LLC has and will incur damages, including without limitation, the cost to replace the generator and/or refrigeration system and a diminution in the value of the vessel.

WHEREFORE, Plaintiff W-US-1, LLC demands judgment against Defendant in an amount according to proof, together with Plaintiff's costs and attorney's fees incurred herein.


W-Class Yacht Company, LLC and
W-US-1, LLC,
By Their Attorneys,


July 15, 2016                          */s/ Peter Brent Regan*
Date                                  Peter Brent Regan (# 3421)
                                      SAYER REGAN & THAYER, LLP
                                      130 Bellevue Avenue
                                      Newport, RI 02840
                                      (401) 849-3040

7